IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSICA LEIGH CARTEE,              :

    Plaintiff,                    :

vs.                                :      CA 05-0515-C

PRECISE CABLE                      :
CONSTRUCTION, INC., et al.,
                                   :
    Defendants.

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on plaintiff's motion to remand (Doc. 9; *see also* Doc. 10 (notice of filing Exhibit D)), defendant Glendon Freckleton's notice of withdrawal of consent for removal (Doc. 15), defendant Precise Cable Construction, Inc.'s (hereinafter, "Precise Cable") opposition to the remand motion (Doc. 16), defendant Mediacom Southeast LLC's (hereinafter, "Mediacom") brief in opposition to the motion to remand (Doc. 17), plaintiff's supplemental submission in support of the motion to remand (Doc. 19), plaintiff's response to the defendants' oppositions to the motion to remand (Doc. 20; *see also* Doc. 21 (plaintiff's notice of filing affidavits)), Precise Cable's reply to plaintiff's response (Doc. 22), and the parties' oral arguments on October 20, 2005. The parties have consented to the exercise of jurisdiction

by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings, including disposition of this motion. (Doc. 26 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the contents of the briefs and the arguments of counsel, the Court **GRANTS** the motion to remand and **ORDERS** that this case be **REMANDED** to the Circuit Court of Washington County, Alabama from whence it came.

### FINDINGS OF FACT

1. On June 9, 2005, plaintiff filed a five-count complaint against Precise Cable, Mediacom, State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm"), Ray Wright, Glendon Freckleton, and others, in the Circuit Court of Washington County, Alabama to recover for injuries she suffered in an October 9, 2004 automobile accident. (Doc. 1, Exhibit A, June 3, 2005 COMPLAINT)  That same date, plaintiff moved for the special appointment of a process server to serve process on Glendon Freckelton, Precise Cable, and Ray Wright (Doc. 20, Exhibit A); this motion was granted by the court on June 16, 2005 (Doc. 20, Exhibit B).

2. State Farm was served with the complaint, by certified mail, on

June 20, 2005. (Doc. 9, Exhibit A) Cartee filed her first amended complaint on June 24, 2005. (Doc. 1, Exhibit A, Summary of Circuit Court Activity)[1] State

---

[1] The first amended complaint solely amends Count IV. Count VI of the initial complaint read as follows:

> 15. Cartee adopts and realleges all preceding paragraphs.
>
> 16. Cartee avers that the Defendant State Farm and/or Defendants Nos. 1 through 110 have breached the terms and conditions of the insurance policies identified in the body of this Complaint. Particularly, Cartee states that she is due and entitled to uninsured/underinsured motorist benefits as a result of the incident made the basis of this suit. To date, the Defendant State Farm and/or Defendants Nos. 1 through 110 have failed and/or refused to pay Cartee the benefits that she is entitled to as are described within the body of said policies.
>
> 17. As a direct and proximate result of the above described conduct, the Plaintiff claims all damages set forth above in an amount up to, but not exceeding $74,000.

(Doc. 1, Exhibit A, COMPLAINT) Count IV of the First Amended Complaint reads, as follows:

> 15. Cartee adopts and realleges all preceding paragraphs.
>
> 16. On October 9, 2004, the plaintiff, Jessica Leigh Cartee, while traveling north on U. S. Highway No. 43, was injured in a collision when defendant Wright negligently/wantonly operated his vehicle so as to cause it to collide with the vehicle being driven by Jessica Leigh Cartee. At the time of the accident defendant Wright was an uninsured/underinsured motorist.
>
> 17. As a proximate result of the negligence/wantonness of said uninsured/underinsured motorist, the plaintiff, Jessica Leigh Cartee, was caused to suffer and incur the damages and injuries as previously set forth above.
>
> 18. Plaintiff hereby makes claim for benefits under the uninsured/underinsured motorist provision of said policies of insurance.

Farm answered the first amended complaint on or about July 13, 2005 (Doc. 9, Exhibit B) and that same date propounded its first discovery request to Cartee (Doc. 10, Exhibit D).[2]

3. Glendon Freckelton was served by process server on July 18, 2005 (Doc. 9, Exhibit A) as was Precise Cable (*id.*).[3] Mediacom was served by certified mail on August 8, 2005. (*Id.*)

4. Mediacom removed the action to this Court on September 7, 2005, therein invoking this Court's diversity jurisdiction pursuant to 28 U.S.C.

---

(Doc. 1, Exhibit A, FIRST AMENDED COMPLAINT) The amended complaint simply sets forth a more concise and clear claim against State Farm. It does not materially alter the original complaint to the extent that it would impact the removal analysis.

[2] On or about August 12, 2005, State Farm filed its responses to plaintiff's interrogatories and request for production of documents. (Doc. 9, Exhibit C)

[3] While Precise Cable makes the argument in its brief that service of process was not properly perfected upon it (Doc. 16; *see also* Doc. 22), that argument has no bearing on the crucial issue in this case which is whether this Court should adopt and follow the "first-served defendant rule" or the "later-served defendant rule" for purposes of testing the timeliness of removal in this case. Whether Precise Cable was properly served in this case matters not under either test. State Farm concedes that it was properly served on June 20, 2005 (and, as well, Freckleton has admitted he was properly served on July 18, 2005) and, therefore, adoption by this Court of the first-served rule would dictate a finding that the removal was untimely. However, if this Court adopts the later-served rule it is clear that Mediacom timely removed this case within thirty (30) days of the date it was served, that is, within thirty days of August 8, 2005 (*compare* Doc. 1, at ¶ 2 ("Defendant Mediacom was served on or about August 8, 2005.") *with id.* (removal petition filed on September 7, 2005)). It is based upon the foregoing analysis that the Court did not subpoena one of the process servers, Robert McQuestion, to the October 20, 2005 hearing, as requested by Precise Cable (Doc. 18). Precise Cable's motion (Doc. 18) is now **DENIED** by the Court as being **MOOT**.

§ 1332. (Doc. 1) Attached to the Notice of Removal are notices of consent to removal signed by an attorney or representative for State Farm, Precise Cable, and Glendon Freckleton. (Doc. 1, Exhibit C)[4]

## CONCLUSIONS OF LAW

1. The sole issue presented to this Court by the plaintiff's motion to remand "is whether, in cases with multiple defendants served at different times, each defendant has an independent right to remove the entire action within thirty days of being served, or whether the failure of one defendant to timely remove the action bars the removal of the action by any other defendant." *Ratliff v. Workman*, 274 F.Supp.2d 783, 784 (S.D. W. Va. 2003). This issue implicates both 28 U.S.C. § 1446(b), which provides that the notice of removal "shall be

---

[4] Freckleton's notice of consent to removal was signed by the then *pro se* defendant. (*See id*.) On October 7, 2005, through counsel, James D. Abston, III, Esquire, Freckleton filed a notice of withdrawal of consent for removal (Doc. 15).

The Court finds that while the removal statutes allow "any defendant upon whom process is served after removal" to move a district court to remand the case, 28 U.S.C. § 1448, neither those statutes nor case law contemplate allowing the withdrawal of consent to removal following removal. No doubt this is because a district court, in testing the viability of removal, necessarily "must determine whether it had subject matter jurisdiction at the time of removal." *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-1291 (11th Cir. 2000); *see also Sierminski v. Transouth Financial Corp*., 216 F.3d 945, 949 (11th Cir. 2000) ("'[T]he jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.'"). Because the undersigned must judge the jurisdictional facts supporting removal at the time of removal, Freckleton's notice of withdrawal of consent for removal (Doc. 15) must be and the same hereby is **STRICKEN**.

5

filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[,]" and 28 U.S.C. § 1447(c), which provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Both sections are implicated because if a plaintiff fails to file a motion to remand within thirty days of removal and cite to a procedural defect such as timeliness or unanimity, she thereby waives any non-jurisdictional defect in the removal procedure. *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) ("The failure of all the defendants to join in the removal petition is not a jurisdictional defect. . . . Johnson waived his right to complain by engaging in discovery."); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ("[T]he time limitation for removal is not jurisdictional, and, therefore, may be waived[.]"); *Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir. 1985) ("The time limitation for removal is not jurisdictional but rather is modal or formal and may be waived."). In this particular case, because the plaintiff filed her motion to remand some twenty days following removal of the action to this Court by Mediacom (*compare* Doc. 9 (motion to remand filed on September 27, 2005) *with* Doc. 1 (notice of removal filed on September 7, 2005)) and therein challenged the removal on the basis of untimeliness, the Court considers whether Mediacom's

6

removal of this action from the Circuit Court of Washington County, Alabama was timely under 28 U.S.C. § 1446(b).

      2.     Mediacom acknowledges, as it must, that it bears the burden of establishing the propriety of removal. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) ("In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction."). Moreover, this Court is mindful that "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *Jeffcoat v. American Gen'l Life & Acc. Ins. Co.,* 2001 WL 611196, *1 (M.D. Ala. 2001) ("Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. . . . 'All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court.'"). In *Russell Corp., supra*, the Eleventh Circuit recognized that even though some might regard certain bright-line "limitations on federal removal jurisdiction (e.g. the

7

removal bar for in-state defendants and the one year time limit for diversity removals)" as arbitrary and unfair, those limitations "are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." 264 F.3d at 1050; *see Jerrell v. Kardoes Rubber Co., Inc.*, 348 F.Supp.2d 1278, 1283 (M.D. Ala. 2004) ("Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege."). It is against this backdrop disfavoring removal that this Court now considers plaintiff's argument that Mediacom's removal was untimely under 28 U.S.C. § 1446(b) since it was filed some seventy-nine (79) days after State Farm was served.

    3.    There is a split among circuit and district courts regarding when § 1446(b)'s 30-day removal clock begins to run in cases involving multiple defendants. The Fifth Circuit and numerous district courts across the United States, including many in the Eleventh Circuit,[5] apply the first-served defendant rule under which the 30-day period begins to run as soon as the first defendant is served. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-1263 (5th Cir. 1988) ("In cases involving multiple defendants, the thirty-

---

[5]    *See Kimbrough v. City of Cocoa*, 2005 WL 1126651, *4 (M.D.Fla. 2005) ("The Eleventh Circuit has not ruled on this issue[.]").

8

day period begins to run as soon as the first defendant is served (provided the case is then removable)."); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ("The general rule [] is that '[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal.'"); *Adams v. Charter Communications, VII, LLC,* 356 F.Supp.2d 1268, 1273 (M.D. Ala. 2005) ("Whatever this Court might think of the relative merits of the 'first-served defendant rule' and the 'last-served defendant rule,' in the absence of direction from either the United States Supreme Court or the Eleventh Circuit Court of Appeals, this Court will not deviate from the path selected by the other judges of this district. Accordingly, the Court finds that the 'first-served defendant rule' is applicable to this case."); *Jerrell, supra*, 348 F.Supp.2d at 1283 ("[T]he law followed in the Middle District of Alabama, which, in the absence of clear precedent from the Court of Appeals, is controlling in this case, is very clear. This district follows the 'first served defendant rule.'"); *Smola v. Trumbull Ins. Co.,* 317 F.Supp.2d 1232, 1233 (D. Col. 2004) ("[T]he first-served rule is more consistent with the long line of case strictly construing removal and similar jurisdictional statutes against removal. . . . Second, the first-filed rule settles at an early stage the question of whether the litigation will proceed in a federal or state forum.");

*Baych v. Douglass*, 227 F.Supp.2d 620, 621 (E.D. Tex. 2002) ("The rule in the Fifth Circuit is that in cases involving multiple defendants, the 30-day period of 1446(b) begins to run immediately after the first defendant is served. If the first served defendant does not effect a timely removal, subsequently served defendants cannot remove."); *Auchinleck v. Town of LaGrange*, 167 F.Supp.2d 1066, 1069 (E.D. Wis. 2001) ("The first-served rule is more consistent with the plain language of the statute as well as the policy justifications which support the thirty-day removal period."); *Faulk v. Superior Industries International, Inc.,* 851 F.Supp. 457, 458 & 459 (M.D. Fla. 1994) ("The majority of courts that have dealt with the timeliness issue have adopted the 'single-date-of-removal' rule. The single-date-of-removal rule provides that '[i]n cases involving multiple defendants, the thirty day period begins to run as soon as the first defendant is served (provided the case is then removable).' . . . This Court adopts the single-date-of-removal rule adopted by the majority of courts that have dealt with the timeliness issue.").[6] The Sixth and Eighth Circuits, as well as numerous district courts across the country, follow the later-served defendant rule under which a later-served defendant has thirty days from its receipt of service to remove the action, with the consent of all other served defendants. *Marano Enterprises of*

---

[6] Three district judges sitting on this Court have signaled that they favor the first-served defendant rule. (Doc. 19, Exhibits A-C)

*Kansas v. Z-Teca Restaurants, L.P.,* 254 F.3d 753, 757 (8th Cir. 2001) ("We hold that the later-served defendants in this case had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) ("[W]e hold that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants."), *cert. denied*, 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000); *Barnhart v. Federated Department Stores, Inc.*, 2005 WL 549712, *6 (S.D. N.Y. 2005) ("[C]onsistent with the well-reasoned decisions of other courts in this Circuit, this Court will apply the last-served defendant rule."); *Collings v. E-Z Serve Convenience Stores, Inc.*, 936 F.Supp. 892, 895 (N.D. Fla. 1996) (adopting the later-served defendant rule).

    4.    It is undisputed in this case that under the first-served rule Mediacom's notice of removal was untimely, while under the later-served rule the removal petition was timely. Mediacom urges this Court's adoption of the later-served defendant rule, arguing that since the Supreme Court's seminal decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

11

119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)[7] courts that have addressed the interplay between *Murphy Brothers* and the 1446(b) timeliness question have adopted the later-served defendant rule. While it is true that the Eighth Circuit, in *Marano,* has predicted that if faced with the issue the Supreme Court "would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when--or if--previously served defendants had filed such notices[,]" 254 F.3d at 756 (citation omitted); *see also Barnhart, supra,* 2005 WL 549712, at *6 ("The last-served defendant rule is more consistent with the *Murphy Brothers* decision than the first-served defendant rule."); *Piacente v. State University of New York at Buffalo*, 362 F.Supp.2d 383, 388 (W.D. N.Y. 2004) ("[T]his Court finds that, logically extended, *Murphy Bros.* favors adoption of the RD [removing defendant] rule."); *In re Tamoxifen Citrate Antitrust Litigation*, 222 F.Supp.2d 326, 335 (E.D. N.Y. 2002) ("The Court concludes that application of the 'first-served rule' would not be fair to the defendants, nor does it seem appropriate in light of *Murphy Brothers* and the language of Section 1446(b)."), numerous district courts

---

[7]  In *Murphy Brothers*, the Supreme Court held that a named defendant's 30-day period to remove an action from state court "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id*. at 348, 119 S.Ct. at 1325.

across the country have rejected the notion that *Murphy Brothers* signals that the Supreme Court will follow the later-served defendant rule if it ever decides to weigh-in on the timeliness issue in a case involving multiple defendants served at different times, *Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG*, 335 F.Supp. 2d 1131, 1134 (D. Col. 2004) ("The [*Murphy Brothers*] case involved a single defendant and the Court did not consider the issues presented by the separate question of the statutory period for removal in cases involving multiple defendants. I find nothing in the *Murphy* decision, therefore, that undermines the first-served rule or its rationale. To the extent other courts have found otherwise, *see, e.g., Morano*, 254 F.3d at 756-57, I respectfully disagree with their conclusions."); *Smola, supra*, 317 F.Supp.2d at 1232 & 1233 ("This court does not believe that *Murphy* portends evisceration of the 'first-filed rule.' . . . Since *Murphy* involved only one defendant, the Court simply had no occasion to consider the slew of questions raised when one or more multiple defendants attempts to remove a case. This court sees no language in *Murphy* which would portend the demise of the first-filed rule. Nor does this court understand the logic of cases suggesting that *Murphy* supports the last-filed rule."); *Smith v. Health Center of Lake City, Inc.*, 252 F.Supp.2d 1336, 1346 n.2 (M.D. Fla. 2003) ("The Court also does not find that the Supreme Court's holding in *Murphy Bros*. indicates that the Supreme Court would adopt the

approach taken by the Eighth Circuit in *Marano*. *Murphy Bros.* was based on the 'bedrock principle' that '[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.' . . . Such bedrock principle is not implicated in this case."); *Baych, supra*, 227 F.Supp.2d at 622 ("[T]his court declines to extend [*Murphy Brothers'*] reasoning to overrule the well established Fifth Circuit precedent of *Getty Oil*."); *Auchinleck, supra*, 167 F.Supp.2d at 1069 ("Defendants also advance the argument, echoed by the Eighth Circuit in *Marano Enterprises*, that the Supreme Court's recent decision in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) suggests that the first-served rule is no longer viable. . . . This argument takes *Murphy Bros.* too far and fails to realize the logical effect of the first-served defendant's failure to timely remove. Certainly, formal service of process signals the beginning of the litigation process for the defendant. However, the failure of the first-served defendant to timely remove simply means that removal is impossible for future defendants.").

   5. This Court finds, consistent with many district courts before it, that *Murphy Brothers* does not sound the death knell for the first-served defendant rule in cases, like the present, involving multiple defendants who are served at different times. In *Murphy Brothers* there was only one defendant

and, therefore, the Supreme Court had no occasion to decide whether it favored the first-served defendant rule or the minority later-served defendant rule. Moreover, a scenario in which the Supreme Court opts in favor of the first-served rule is as believable as the scenario predicted by *Marano, supra*, particularly since the former is not only "more consistent with the long line of cases strictly construing removal and similar jurisdictional statutes against removal[,]" but also because it "settles at an early stage the question of whether the litigation will proceed in a federal or state forum." *Smola, supra*, 317 F.Supp.2d at 1233 (citation omitted). Accordingly, the undersigned adopts as the appropriate rule in this Court that rule presaged by three district judges in the Southern District of Alabama (Doc. 19, Exhibits A-C): the first-served defendant rule.

      6.      Mediacom contends that even under the first-served rule this case should not be remanded to state court because *Brown, supra*, 792 F.2d at 481, recognized that equitable circumstances may exist which countenance against application of the 30-day time limit from the time the first defendant was served and such equitable circumstances exist here given the confusing manner in which plaintiff pled her complaint and the staggered service that was made upon the defendants. It is Mediacom contention, in the first instance, that plaintiff, by limiting her damages against State Farm to no more than $74,000 and requesting

an unspecified amount of compensatory and punitive damages against the remaining defendants, created confusion about the amount in controversy such that this Court should equitably toll 1446(b)'s 30-day time limit. However, this Court cannot find that these circumstances are tantamount to forum manipulation by plaintiff particularly in light of Mediacom's admission during oral argument that it realized the potential worth of this case when its attorney consulted with State Farm's attorney and discovered the severe nature of Cartee's injuries. It is clear, therefore, that State Farm, as the first-served defendant, could have removed this action to federal court inasmuch as it possessed information which established that this case was worth more than $75,000.00. The recognition by State Farm of the true worth of this case and State Farm's position as the first-served defendant undermines any suggestion by Mediacom that plaintiff engaged in forum manipulation by the manner in which she pled her complaint.[8]

    7.    The application of the first-served defendant rule to this case, as indicated above, requires remand. State Farm was the defendant first served and service upon plaintiff's insurance company was perfected more than thirty days

---

[8] In addition, the staggered service argument Mediacom makes does not bear fruit both because of the defendant's concession during oral argument that nothing about service in this case violates any state rules and because the first-served rule necessarily contemplates staggered service and finds nothing intrinsically wrong with same.

prior to Mediacom's removal of this action. Accordingly, Mediacom's removal is untimely under 28 U.S.C. § 1446(b).

## CONCLUSION

Plaintiff's motion to remand (Doc. 9) is **GRANTED**. Mediacom's removal of this action was untimely under 28 U.S.C. § 1446(b) and, therefore, this cause is due to be and hereby is **REMANDED** to the Circuit Court of Washington County, Alabama from whence it came.

**DONE** and **ORDERED** this the 31st day of October, 2005.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**